**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CASSANDRA D. COLO'N, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 4:08-cv-026-TWP-DML |
| ) | |
| ALLISON JORDAN, ) | |
| ) | |
| Defendant. ) | |

**Entry on Default Judgment and Damages
and Directing Entry of Final Judgment**

Plaintiff Cassandra D. Colo'n alleges in her amended complaint (dkt 66) that the defendants violated her rights under the Copyright Laws of the United States.[1] Specifically Colo'n alleges that the television series produced by CBS Studios entitled *The Game* infringes the copyright in Colo'n's unpublished script entitled, *The Game: Pass Interference*. Colo'n alleges that the defendants' participation in the creation of episodes of *The Game* in California infringe upon her script. With the exception of defendant Allison Jordan each of the defendants named in the amended complaint were dismissed because they are not subject to personal jurisdiction in Indiana. See dkts 65 and 91. This Entry resolves the remaining claim against Ms. Jordan.

Defendant Allison Jordan was properly served but failed to appear or answer the amended complaint (dkt 66). An Entry of default was entered as to Ms. Jordan on August 2, 2010. A hearing on damages was held March 2, 2011. Plaintiff Ms. Cassandra D. Colo'n, appearing *pro se*, articulated her claim of copyright infringement as alleged in the amended complaint against defendant Allison Jordan and testified regarding her request for statutory damages pursuant to 17 U.S.C. § 504(c). Following the hearing, Ms. Colo'n filed a document entitled "Submission of Additional Documentation" along with seven exhibits (see dkts. 120 (unsigned copy) and 121 (signed copy)). The entire record, including evidence presented at the hearing and Ms. Colo'n's post-hearing submissions were considered in the Court's damages determination.

For the reasons explained below, the Court finds that Ms. Colo'n is entitled to a default judgment against Ms. Jordan pursuant to *Federal Rules of Civil Procedure* 55(b)(2) on her claim of copyright infringement, but unfortunately is barred from recovering statutory damages pursuant to 17 U.S.C. § 412.

---

[1] Claims II and III of the amended complaint were dismissed for the reasons explained in the December 8, 2008, Entry.

## I. Liability

For the reasons explained below, the factual allegations of Ms. Colo'n's amended complaint, accepted as true, state a claim of copyright infringement against Ms. Jordan. See *U.S. of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

The amended complaint sufficiently alleges that the protected work, a script titled *Pass Interference* is the subject of a valid copyright owned by Ms. Colo'n and registered with the U.S. Copyright Office on July 13, 2007. *Pass Interference* is a derivative work because it is adapted from the first draft of the script *Out of Bounds*. Accordingly, the copyright is only in the original expression that Ms. Colo'n adds to the earlier work. Ms. Colo'n alleges that her protected expression was infringed by the producers of the television series, *The Game,* when the episode *Out of Bounds* was broadcast on February 19, 2007, which (in its final version) incorporated many features of Ms. Colo'n's script *Pass Interference.*

The Court finds that Ms. Colo'n has stated a claim of contributory infringement against Ms. Jordan. "One infringes contributorily by intentionally inducing or encouraging direct infringement." *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 437-38 (1984) (citing *Gershwin Pub. Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (2nd Cir. 1971)); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005) (holding that one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties.) Ms. Jordan allegedly contributed in a significant way to the infringement of Ms. Colo'n's copyright by providing one of the producers of *The Game*, Ms. Mara Akil, with a copy of the script *Pass Interference*. The producers then allegedly infringed upon Ms. Colo'n's protected expression, which Ms. Jordan allegedly knew of and/or authorized.

Ms. Colo'n's claim of copyright infringement based on the theory of vicarious infringement is rejected. One infringes "vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Sony Corp.,* 464 U.S. at 437-38 (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2nd Cir. 1963)). Ms. Colo'n failed to plead allegations which, taken as true, could establish that Ms. Jordan profited from the infringement of Ms. Colo'n's protected expression or that Ms. Jordan had the right and ability to stop or limit the infringement by the producers of *The Game* but failed to do so.

The well-plead allegations of the amended complaint do in fact establish that Ms. Jordan has infringed Ms. Colo'n's copyright. Accordingly, Ms. Colo'n's request that the Court obtain "the final shooting draft, and videotape copy of 'out of bounds' episode #16 season 1 which aired on Feb. 19, 2007, and then compare that episode with my script 'pass interference'" [dkt 120 and 121] is **denied**. First, this discovery would go to the question of Ms. Jordan's liability which has been established. The Court has found the factual

allegations stated in the amended complaint are accepted as true, and the allegations establish a claim of copyright infringement against Ms. Jordan. Secondly, the Court is not allowed to conduct discovery on behalf of the plaintiff. The tools of discovery are available for the parties to use, not for the parties to rely on the court to use. *See Pliler v. Ford,* 542 U.S. 225, 226 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

The Court now turns to the damages Ms. Colo'n is entitled to recover.

### II. Damages

"[A]lthough a default judgment establishes liability, it does not answer whether any particular remedy is appropriate." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007). "[B]ecause this was a default judgment, the usual rule that a party should be given the relief to which it is entitled whether or not it has requested that relief does not apply. See FED. R. CIV. P. 54(c). Instead, Rule 54(c) stipulates that '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" *WMS Gaming Inc. v. WPC Productions Ltd.* 542 F.3d 601, 606 (7th Cir. 2008). Thus, the pleadings are more important, for purposes of relief, than they would have been had Ms. Jordan appeared and contested the case. The law provides that the moving party, Ms. Colo'n has the burden of establishing that she is entitled to damages.

Ms. Colo'n seeks relief pursuant to 17 U.S.C. § 504. Section 504 of the Copyright Act states that an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer attributable to the infringement or (2) statutory damages. 17 U.S.C. § 504; see *Iconbazaar, L.L.C. v. America Online, Inc.*, 378 F. Supp. 2d 592, 594 (M.D. N.C. 2005). Ms. Colo'n explicitly acknowledges that she does not have evidence of her actual damages or and actual evidence of Ms. Jordan's profits and therefore she expressly seeks only statutory damages. See dkt. 113 at p. 8, and dkt. 121 at p. 4.

Even if Ms. Colo'n had not waived her request for actual damages or Ms. Jordan's profits any such claim for damages would have been denied. First, Ms. Colo'n testified that as a result of the infringement she was denied an opportunity to "shop her wares," and was denied credit and compensation for her contribution to *Out of Bounds.* Such testimony is speculative and insufficient to carry her burden of proof regarding her actual damages pursuant to § 504(b). In addition, the Court considered Ms. Colo'n's March 10, 2011, submissions which include a document entitled Exhibit A. Exhibit A appears to be a copy of an unidentified website with unauthenticated screenwriter salary information. To the extent this document is relevant, it is hearsay and is inadmissible for purposes of calculating Ms. Colo'n's actual damages. See FED. R. EVID. 801. Finally, Ms. Colo'n's testimony regarding her relationship with Ms. Jordan would not support a claim for actual damages or recovery of Ms. Jordan's profits. Ms. Colo'n testified that she did not have a representation letter from Ms. Jordan for her script, there was no written employment contract or agreement of any kind, no money ever changed hands between them and they

3

never discussed compensation. In addition, Ms. Colo'n testified that she has never received any income from any of the scripts she has written.

With respect to statutory damages; "'Generally, statutory damages are awarded when no actual damages are proven, or actual damages and profits are difficult or impossible to calculate.'" *St. Luke's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1206 (11th Cir. 2009) (*quoting Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990)). Unfortunately for Ms. Colo'n, statutory damages are unavailable to her pursuant to 17 U.S.C. § 412. Section 412 provides in relevant part:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

In other words, "statutory damages" are available only for infringement after registration, or if the registration occurred within three months of the work's first publication. *FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335, 336 (7th Cir. 2010); see also *Reed Elsevier, Inc. v. Muchnick*, --- U.S. ----, 130 S.Ct. 1237 (2010) (stating that the Act includes remedial incentives to encourage copyright holders to register their works citing § 412, *Id.* at fn. 1); citing *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 n. 5 (9th Cir. 2004)("Because Polar Bear did not register its copyright before infringement, it can recover only actual damages and profits under § 504(b), not statutory damages under § 504©").

The infringement in this case allegedly commenced (at the latest) when the episode *Out of Bounds* was broadcast on February 19, 2007. Unfortunately, Ms. Colo'n did not register her script until July 13, 2007, more than three months after the show aired. It is for this reason that she is not entitled under the law, to recovery of statutory damages.

This ruling is not discretionary, but mandatory and reflects that § 412 is designed to implement two fundamental purposes:

> First, by denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly. *See* H.R. Rep. No. 94-1476, at 158 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 5659, 5774 ("Copyright registration . . . is useful and important to users and the public at large . . . and should therefore be induced in some practical

way."). Secondly, § 412 encourages potential infringers to check the Copyright Office's database. *See Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir.1998).

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008) (reversing award of statutory damages under Copyright Act following default judgment). Given the facts of this case, specifically the fact that Ms. Colo'n's script was not registered until more than three months after the alleged infringement commenced, Ms. Colo'n's request for statutory damages must be denied pursuant to 17 U.S.C. § 412. *Derek Andrew, Inc. v. Poof Apparel Corp.*. 528 F.3d 696, 700 (9th Cir. 2008). "To allow statutory damages and attorneys' fees where an infringing act occurs before registration and then reoccurs thereafter clearly would defeat the dual incentives of § 412."*Derek Andrew,* 528 F.3d at 700; *Johnson*, 149 F.3d at 505 (explaining that the statutory purposes of § 412 "would be thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts.").

Finally, the Court acknowledges Ms. Colo'n's contention that she is unable to prove her actual damages or Ms. Jordan's profits because she "has never been allowed discovery through this entire case." Dkt. 113 at 8. Ms. Colo'n's statement in this regard however appears to be exaggerated. There was no blanket denial of discovery in this case. Instead, the Court properly ruled on specific discovery disputes between Ms. Colo'n and those defendants who were ultimately dismissed for lack of personal jurisdiction. See for example, Entries of January 7, 2009 [dkt 86], and September 21, 2009 [dkt 91]. This Court was not presented with a motion to compel or other discovery dispute between Ms. Colo'n and Ms. Jordan or a third party and nothing limited Ms. Colo'n's ability to utilize any appropriate discovery methods available in the *Federal Rules of Civil Procedure*.

### III. Conclusion

Judgment shall enter in favor of Ms. Colo'n and against Ms. Jordan on the claim of copyright infringement. Ms. Colo'n is not, however, entitled to damages based upon the evidence presented, case law and applicable statutes. This Entry resolves all remaining claims against all parties. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/25/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Cassandra D. Colo'n
P.O. Box 3113
Clarksville, IN 47131

Lee S. Brenner
WHITE O'CONNOR FINK & BRENNER LLP
10100 Santa Monica Boulevard
Twenty-Third Floor
Los Angeles, CA 90067

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
135 Pennsylvania Street
Suite 1740
Indianapolis, IN 46204

Tami Kameda
WHITE O'CONNOR FINK & BRENNER LLP
10100 Santa Monica Boulevard
Twenty-Third Floor
Los Angeles, CA 90067

Allison Jordan
851 Oakside Lane
University Park, IL 60466