UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CASSANDRA D. COLO'N, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 4:08-cv-026-TWP-DML |
| | ) | |
| ALLISON JORDAN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Request to Proceed on Appeal *In Forma Pauperis*
and Denying Motion for Reconsideration**

**I.**

The plaintiff's request to proceed on appeal *in forma pauperis* (Dkt. No. 128) is **granted.**

**II.**

The plaintiff's motion for reconsideration of the Order of March 25, 2011, (Dkt. No. 125) is **denied**. In effect, the plaintiff requests that this Court set aside its judgment, reopen this action, allow time for discovery and then hold a new damages hearing. Plaintiff states that she did not understand what she was required to demonstrate in order to prove her damages at the March 2, 2011 hearing. The plaintiff chose to proceed without the benefit of counsel in this case and had years within which to conduct discovery. The Court issued Dkt.117 in part, as a courtesy to clarify the issues since plaintiff was proceeding pro se. Pro se litigants however, are notentitled to a general dispensation from the rules of procedure.

This post-judgment motion will be analyzed under Rule 59(e) of the *Federal Rules of Civil Procedure.* Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v.*

*International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's claims, nor did it misapply the applicable law to those claims. Accordingly, the post-judgment motion to alter or amend judgment (Dkt. No. 125) must be **denied.**

**IT IS SO ORDERED.**

Date: 04/28/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Cassandra D. Colo'n
P.O. Box 3113
Clarksville, IN 47131

Allison Jordan
851 Oakside Lane
University Park, IL 60466